| | |
|---|---|
| DISTRICT COURT, COUNTY OF PUEBLO, COLORADO<br>501 N. Elizabeth<br>Pueblo, CO 81003 | DATE FILED: April 10, 2017 10:17 AM<br>FILING ID: E8387B0B76F13<br>CASE NUMBER: 2017CV30255 |
| **Plaintiff: DAVID DiSALVO**<br><br><br>**Defendant: LIBERTY MUTUAL INSURANCE COMPANY a/k/a SAFECO INSURANCE** | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>Robert J. Anderson, P.C.<br>Peter A. Goldstein, #1406<br>Robert J. Anderson, #10782<br>Scott F. Anderson, #44980<br>217 East Fillmore Street<br>Colorado Springs, CO, 80907<br>Phone Number: (719) 473-3040<br>Fax Number: (719) 473-0138<br>Email: peter@lawrja.com; rja@lawrja.com;<br>scott@lawrja.com | Case Number:<br><br>Div:           Ctrm: |
| **COMPLAINT** | |

Plaintiff, David DiSalvo, by and through his attorney of record, ROBERT J. ANDERSON, P.C., hereby Complains against Defendant, and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff David DiSalvo is a private individual, resident of Pueblo County, residing at the address of 2661 Hollywood Drive, Pueblo, State of Colorado.

2. Defendant Liberty Mutual Insurance Company a/k/a Safeco Insurance is the auto insurance carrier for Plaintiff. It is licensed and doing business in the State of Colorado in Pueblo County.

3. This suit stems from an incident occurring in Pueblo County, Colorado

4. This Court has jurisdiction over the parties and subject matter and venue is proper in Pueblo County.

## FIRST CAUSE OF ACTION
## CLAIM FOR UNDERINSURED MOTORIST BENEFITS

5. Paragraphs 1 through 4 are incorporated herein.

1

EXHIBIT
A

6.      On July 31, 2014, Plaintiff was the restrained driver of a vehicle stopped westbound on 4th Street at Grand Avenue, in the County of Pueblo, State of Colorado.

7.      On that same date and place, Chantal Curls was traveling westbound on 4th Street at Grand Avenue and was the second vehicle behind Plaintiff.

8.      Chantal Curls was looking down at her cell phone at the time of the accident.

9.      Chantal Curls failed to stop and struck a vehicle being driven by Allen Lenz, pushing the Lenz vehicle into the rear of Plaintiff's vehicle. Ms. Curls was required to stop and Ms. Curls failed to stop.

10.     These actions caused serious injuries to Plaintiff. As a direct and proximate result of the negligence of Chantal Curls, Plaintiff has sustained injuries including, but not limited to, neck pain, back pain, and sacroiliac joint pain, in addition to enduring headaches, all resulting in mental and physical pain and suffering. Plaintiff has also incurred medical and other related expenses as a result of said injuries.

11.     As a further and proximate result of the negligence of Chantal Curls, Plaintiff has and will incur in the future physical and mental pain and suffering, and medical expenses, physical impairment, scarring and disfigurement as well as economic and non-economic loss.

12.     At the time of this incident, Chantal Curls was an underinsured motorist.

13.     Chantal Curls had one and only one policy of insurance in force providing her coverage at the time of this incident. It had a limit of coverage of $25,000 per person and $50,000 per accident.

14.     Plaintiff received the policy limit of $25,000 from Ms. Curl's insurance.

15.     Plaintiff was covered by a policy including uninsured/underinsured motorist benefits with Defendant Liberty Mutual Insurance Company. Such policy provided for payment of monies for underinsured coverage on the accident that is the subject of this Complaint. Plaintiff is entitled to monies pursuant to that contract. Plaintiff and Defendant insurance company were unable to resolve his underinsured claim amicably.

16.     Plaintiff is entitled to receive underinsured benefits pursuant to state law and contract from Defendant insurance company.

**SECOND CAUSE OF ACTION**
**VIOLATION OF C.R.S. 10-3-1115 AND C.R.S. 10-3-1116**

17.     Paragraphs 1 through 16 are incorporated herein.

18.     Defendant Liberty Mutual Insurance Company has unreasonably denied or delayed payment in violation of C.R.S.S 10-3-1115.

19.     Defendant Liberty Mutual Insurance Company is subject to sanctions of C.R.S. 10-3-1116 for double damages, court costs, and attorneys' fees.

20.     Plaintiff had underinsured motorist insurance covering this accident with both Geico Insurance and Liberty Mutual Insurance Company.

21.     On August 12, 2016, Liberty Mutual Insurance Company conveyed a message that it would be making offers for both Geico Insurance and Liberty Mutual Insurance Company.

22.     The gross offer from Liberty Mutual Insurance Company was so low, Geico Insurance decided to rescind its approval of Liberty Mutual Insurance Company handling both claims and settled with Plaintiff on its own.

23.     Defendant Liberty Mutual Insurance Company was sent a demand package including the relevant and related records on September 9, 2016. This demand package included medical bills in excess of $25,000.

24.     Defendant Liberty Mutual Insurance Company responded to that demand on October 11, 2016, with a combined offer between Geico Insurance and Liberty Mutual Insurance Company to settle at $2,681.

25.     Defendant Liberty Mutual Insurance Company has taken unreasonable actions contrary to public policy and applicable laws to resolve Plaintiff's claims, forcing Plaintiff to file suit to resolve his claims for damages and injuries. Such actions are a violation of C.R.S. 10-3-1115, C.R.S. 10-3-1104, and other related regulations.

26.     All conditions precedent have been met.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount which is undetermined at this time, plus interest from the date of occurrence, or as provided by law, for bodily injury, medical costs, costs in bringing this action, economic loss, non-economic loss, permanent impairment, sanctions under C.R.S. 10-3-1116 and any other relief which this Court might deem appropriate.

Respectfully submitted this _10th_ day of _april_, 2017.

ROBERT J. ANDERSON, P.C.

Scott F. Anderson - #44980
Attorney for Plaintiff